UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:01:CR:101 |
| ) | |
| v. ) | |
| ) | |
| KENNETH STANLEY MERS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### ORDER DENYING MOTION FOR BOND

This is a section 2255 proceeding brought by a federal prisoner. Defendant is serving a sentence of 78 months, after his conviction in this court of drug conspiracy charges. The conviction and sentence were affirmed on August 28, 2005. *See United States v. Mers*, No. 02-1023 (6th Cir. Aug. 28, 2003). Defendant's *pro se* motion alleges ineffective assistance of counsel and due-process violations. Presently pending before the court is defendant's *pro se* motion for bond pending decision of this matter (docket # 176).

The ability of a habeas petitioner to seek bond before adjudication of his habeas corpus claim has not always been firmly established in this circuit. In *Sizemore v. District Court*, 735 F.2d 204 (6th Cir. 1984), the Court of Appeals disapproved release of a habeas petitioner prior to a determination of the merits of the petition. The court indicated that the district court may release a petitioner on bail "upon granting the writ." 735 F.2d at 208 (emphasis in original). In a later case, *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), the Court of Appeals recognized situations in which

the district court may grant bail pending a decision on the merits of a habeas corpus petition. The *Dotson* court indicated, however, that the power to release petitioner on bond must be exercised sparingly and only in the presence of exceptional circumstances. 900 F.2d at 79. The Sixth Circuit Court of Appeals has applied the *Dotson* standard to section 2255 proceedings, as well as habeas corpus proceedings. *See United States v. Cornish*, 89 Fed Appx. 569 (6th Cir. Aug. 24, 2004); *Morgan v. United States*, No. 93-2267, 1994 WL 182141 (6th Cir. May 11, 1994). In light of these recent pronouncements of the Court of Appeals, this court concludes that release of a section 2255 movant before adjudication of the motion is available in this circuit, but only in exceptional circumstances.

Under *Dotson*, the prisoner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'" 900 F.2d at 79 (quoting *Aronson v. May*, 83 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)). The section 2255 movant, who is incarcerated under a presumptively valid criminal conviction, is on a much weaker footing than a pretrial accused or even a convicted defendant waiting appeal. *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978); *accord Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) ("Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case.").

Applying the two-prong test in *Dotson*, this court finds neither a substantial claim on the merits of the motion nor exceptional circumstances deserving special treatment in the interest

of justice. The only ground raised in defendant's motion arises from the court's granting of an extension of time to the government to file its answer to the section 2255 motion. Defendant is apparently frustrated at the delay. This does not come close to establishing exceptional circumstances, especially in light of defendant's own delay in filing his section 2255 motion, which was submitted shortly before the statute of limitations period expired. Accordingly:

IT IS ORDERED that defendant's motion for bond (docket # 176) be and hereby is DENIED.

DONE AND ORDERED this 9th day of August, 2005.

/s/  Joseph G. Scoville
United States Magistrate Judge